UNITED STATES, Appellee,

v.

Sergeant First Class Julius K. ADAMS, Jr., 576–66–1095, United States Army, Appellant.

ACMR 8900466.

U.S. Army Court of Military Review.

25 May 1990.

For Appellant: Captain Timothy P. Riley, JAGC, Captain James K. Lovejoy, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Maria C. Fernandez, JAGC, Captain James K. Reed, JAGC (on brief).

Before KUCERA, GILLEY and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Pursuant to his pleas, a military judge found the appellant guilty of carnal knowledge with his fifteen-year-old niece and of falsely swearing that he had not committed that offense, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934 (1982). Sitting as a general court-martial, the military judge sentenced the appellant to a bad-conduct discharge, confinement for forty months, forfeiture of $250.00 pay per month for forty months, and reduction to the grade of Private E1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for three years, forfeiture of $250.00 pay per month for forty months, and reduction to the grade of Private E1.

The appellant contends that his plea of guilty to carnal knowledge [1] was improvident because the military judge "failed to adequately discuss and resolve appellant's mistake of fact concerning the identity of the victim." We find the defense mistake was not raised factually, is not relevant legally, and that the pleas of guilty were provident.

---

1. UCMJ Article 120(b) provides:
   Any person subject to this chapter who, under circumstances not amounting to rape, commits an act of sexual intercourse with a female not his wife who has not attained the age of sixteen years, is guilty of carnal knowledge and shall be punished as a court-martial may direct.

We find the following facts from the testimony of the appellant at the providence inquiry and a stipulation of fact introduced into evidence during that phase of the trial. We must accept the evidence adduced during that inquiry as truthful in assessing whether a guilty plea was provident. *See United States v. Jemmings*, 1 M.J. 414, 418 (C.M.A.1976).

The appellant testified that after a long day of work, he drank some beer, and went to sleep in his bed at his home while his wife was at work. His niece came into his bedroom. She had resided with the appellant and his wife for several years and after this incident was subsequently adopted by appellant. According to her statement attached to a stipulation of fact introduced into evidence during the providence inquiry, she wanted to have sexual intercourse with the appellant, and climbed into his bed. While in a semiconscious state, the appellant became sexually aroused. The appellant thought the person was his wife and, as he usually did under those circumstances with his wife, the appellant began sexual intercourse. When the appellant ejaculated, he heard a voice say "Dad." The appellant then knew it was not his wife and immediately ended the intercourse. The appellant testified further that he had realized earlier that the person was smaller in stature than his wife and her hair may have been different but that he "really didn't pay attention to it;" however, he persisted that it wasn't until she said "Dad" that he knew it was not his wife.

Later colloquy included the following:

MJ: And you're also telling me then that you were not under any mistaken belief that you were having sexual intercourse with your wife. [sic]

ACC: No, Your Honor.

We do not accept that conclusionary question and summary answer. The appellant's plain statement of the facts manifests an assertion that he thought the female was his wife until he heard "Dad."

From this record, we find, then, that the appellant told the military judge that he honestly thought he was having sexual intercourse with his wife. Accordingly, we have to establish whether mistaken identity as to the sexual partner is a defense at all to a charge of carnal knowledge, and if so, whether it must be either only honest or both honest and reasonable.

Regarding carnal knowledge, the Manual for Courts–Martial provides: "[i]t is no defense that the accused is ignorant or misinformed as to the true age of the female, or that she was of prior unchaste character; it is the fact of the girl's age and not his knowledge or belief which fixes his criminal responsibility." Manual for Courts–Martial, United States, 1984, Part IV, paragraph 45c(2) [hereinafter MCM, 1984]. The Manual does not address whether mistake as to identity applies for carnal knowledge, but the special nature of this offense is referred to in the Manual's discussion of the defense of ignorance or mistake of fact. The Manual's description of that defense provides:

(j) *Ignorance or mistake of fact.* Except as otherwise provided in this subsection, it is a defense to an offense that the accused held, as a result of ignorance or mistake, an incorrect belief of the true circumstances such that, if the circumstances were as the accused believed them, the accused would not be guilty of the offense. If the ignorance or mistake goes to an element requiring premeditation, specific intent, willfulness, or knowledge of a particular fact, the ignorance or mistake need only have existed in the mind of the accused. If the ignorance or mistake goes to any other element requiring only general intent or knowledge, the ignorance or mistake must have existed in the mind of the accused and must have been reasonable under all the circumstances. However, if the accused's knowledge or intent is immaterial as to an element, then ignorance or mistake is not a defense.

MCM, 1984, Rule for Courts–Martial 916(j) and discussion, [hereinafter R.C.M.].

■ The government argues that mistake of fact is not a defense to carnal knowledge because Rule for Courts–Martial 916(j) also provides that "if an ac-

cused's knowledge or intent is immaterial to an element, then ignorance or mistake is not a defense." The Uniform Code of Military Justice, Article 120, does not specifically require any specific knowledge or intent as an element of the crime of carnal knowledge. However, it does specify that the female not be his wife, which indicates that identity is certainly material. *United States v. Carr*, 18 M.J. 297 (C.M.A.1984), holds only that ignorance or mistake as to age, with no mention of identity, is precluded from the defense of ignorance or mistake of fact. The Court of Military Appeals stated:

> [u]sually an honest and reasonable mistake of fact is a defense, even in a crime involving general criminal intent. *See, e.g., United States v. Scheunemann*, 14 U.S.C.M.A. 479, 34 C.M.R. 259 (1964). *In paragraph 199b, the Manual for Courts–Martial [now MCM, 1984, Part IV, para. 45c(2)] expresses one exception to this principle when it states—in accord with considerable precedent—that ignorance or misinformation as to the true age of the victim is no defense in a prosecution for carnal knowledge.* (Emphasis added.)

*Id.* at 301.

■ Fundamentally, a person is not guilty of a crime unless he has the state of mind essential for that offense. *See generally Morissette v. United States*, 342 U.S. 246, 251, 72 S.Ct. 240, 243, 96 L.Ed. 288 (1952). The Supreme Court acknowledged there, however, that "[e]xceptions came to include sex offenses, such as rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached the age of consent." *Id.* at n. 8. That statement of the statutory exception does not specifically bar mistake of identity, but, in our opinion, the statutory preclusion of mistake as to age of necessity includes identity. That is, male soldiers bear the risk that the female may not be sixteen years of age or not his wife, no matter how honestly or reasonably mistaken the soldier may be about the female sexual partner before him.

■ The issue here could also be posed as one of the effect of deceit. That is, whether the appellant is entitled to a defense that through deceit he reasonably but mistakenly thought his sexual partner was at least sixteen or his wife. But the statutory exception precluding mistake of fact as to the element of age also precludes mistake as to identity even though the mistake was caused by the deceit of another.

■ Upon analysis we see why that is true. The law is that a male soldier is held to know in fact with whom he is dealing in this specially regulated area. The soldier bears the absolute burden of being right, even in his marital bed. We find that the Congressional allocation of the burden, and accompanying risk, is not fundamentally unfair for two reasons. First, the soldier can be sure he is right as to age and identity—elemental care regarding such intimacy would preclude the effectiveness of deceit, we observe—therefore, he can fairly be held to refrain from sexual relations unless he knows he is right. Second, in this special area of danger to a strong interest of society, pregnancy by unwed females younger than sixteen, Congress may impose the duty to be right; the duty of care to society is great. Hence, even an honest and reasonable mistake as to age or the identity of a sexual partner who is under age sixteen is not a defense, even if she practiced deceit on the male soldier as to her age or identity.

We find the sentence as adjudged and as approved lawful and appropriate.

The findings of guilty and the sentence are affirmed.

Senior Judge KUCERA and Judge GIUNTINI concur.